IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK J. MANGAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-2462 |
| | : | |
| SEAN L. ROBBINS, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                      **February 7th, 2013**

Pro se Plaintiff Patrick J. Mangan, former owner of an operating dairy farm, brings this
action asserting federal and state law claims against Defendants Sean L. Robbins, Assistant
Chief Counsel for the Pennsylvania Department of Environmental Protection (DEP), Anthony
Malinowski, and Steven and Judith Frei (collectively "the Freis").  Robbins asks this Court to
dismiss Mangan's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on
absolute and sovereign immunity.  The Freis seek dismissal of the Complaint under Rules
12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.  Mangan
has not responded to either motion to dismiss.  For the reasons that follow, the Court will dismiss
the Complaint as to all Defendants for lack of subject matter jurisdiction.[1]

**FACTS**

Mangan previously owned a 155-acre operating dairy farm.  In 1998, Mangan sold a
portion of his farmland, including a storage barn, to a third party.  As a condition of the sale,
Mangan was required to remove the contents of the barn.  While removing materials from the
barn, Mangan discovered Lebanon Chemicals 10.20.20 fertilizer.  He applied the fertilizer in
accordance with its labeling to his farmland to enhance its productivity, consistent with
agricultural practice.

---

[1] Although Malinowski did not file a motion to dismiss, as explained below, dismissal based on
lack of subject matter jurisdiction applies equally to the claims asserted against Malinowski.

On July 13, 1998, Stephen Puzio, a Solid Waste Specialist employed by the DEP, observed Mangan spreading the Lebanon Chemicals fertilizer on his farm.   The DEP subsequently issued an Administrative Order for Access and Right to Entry dated September 2, 1998, requiring Mangan to permit the DEP to access to his farm.   On June 23, 1999, the Northampton County Court of Common Pleas entered an order requiring Mangan to comply with the Administrative Order.   It appears the DEP thereafter remediated the property.

In October 2000, Robbins, on behalf of the DEP, filed a praecipe for *lis pendens* on the property to recover clean-up costs the DEP incurred in remediating the property, as well as a civil suit in state court to recoup those costs.   On September 10, 2002, the Northampton County Tax Claim Bureau conducted a tax sale of Mangan's property to collect unpaid real estate taxes. Malinowski purchased the property at the sale.   On May 3, 2010, Robbins withdrew and released the DEP's *lis pendens*, which had been recorded and indexed against the property.   On June 3, 2010, Malinowski conveyed the property to the Freis for $143,000.00.

This is not the first time Mangan has been before this Court regarding the *lis pendens* on his former property.   On July 21, 2006, Mangan filed suit in this Court against Robbins, Malinowski, and the Freis, among others, challenging the validity of the *lis pendens*.   Mangan requested the Court to order Malinowski to re-convey the property to Mangan, declare that the *lis pendens* created a false, fraudulent, and illegal pre-judgment cloud on Mangan's title to the farm, declare a DEP employee's entry onto the farm violated the Fourth Amendment, and award compensatory and punitive damages.   The Court granted the defendants' motion to dismiss the complaint, a decision later affirmed by the Third Circuit Court of Appeals.   *Mangan v. Brierre*, No. 06-3204, 2007 WL 475820 (E.D. Pa. Feb. 9, 2007), *aff'd*, 257 F. App'x 525 (3d Cir. 2007).

On May 4, 2012, Mangan filed the instant Complaint against Defendants Robbins, Malinowski, and the Freis alleging violations of his due process and equal protection rights under the United States Constitution, and asserting other state law claims. Mangan appears to seek (1) an order declaring Robbins's withdrawal and release of the *lis pendens* false and fraudulent, null and void, and in violation of the Pennsylvania Uniform Fraudulent Transfer Act; (2) an order declaring that the *lis pendens* is still in effect on the property; (3) a monetary judgment of $143,000.00 against Robbins and Malinowski, jointly and severally; (4) punitive damages against Malinowski; (5) an order that Robbins and Malinowski, jointly and severally, pay all costs and expenses, including reasonable attorneys' fees Mangan incurred in this action; and (6) any other appropriate relief.

Robbins and the Freis filed separate motions to dismiss the Complaint in September and October 2012, to which Mangan has not responded. Malinowski has not responded to the Complaint to date.

**DISCUSSION**

The Court will first address the Freis' motion to dismiss the Complaint for lack of standing pursuant to Rule 12(b)(1). Lack of standing is properly asserted in a Federal Rule of Civil Procedure 12(b)(1) motion because standing is a jurisdictional matter. Fed. R. Civ. P. 12(b)(1); *Knauss v. U.S. Dep't of Justice,* No. 10–2636, 2012 WL 176685, at *1 (E.D. Pa. Jan. 20, 2012). "The plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Doe v. Goldstein's Deli*, 82 Fed App'x 773, 775 (3d Cir. 2003) (citations omitted). Lack of subject matter jurisdiction may be raised as either a facial or factual challenge. *Gould Elecs., v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As a

facial challenge attacks the sufficiency of the pleadings, the court must only consider the allegations of the complaint and documents referenced or attached thereto in a light most favorable to plaintiff.  *Id.*  A factual challenge attacks the existence of subject matter jurisdiction in fact beyond the pleadings, and the court may consider evidence outside the four corners of the complaint.  *See id.*; *Mortensen*, 549 F.2d at 891.

In the instant case, while the Fries do not specify which type of challenge they are raising, the Court finds they make a factual challenge.  Many of the facts which the Fries use in support of their arguments are contained within the Complaint; however, they also reference prior state and federal court decisions and other materials and facts outside the Complaint.  Thus, the Court will treat the challenge as factual and will consider evidence outside the Complaint to determine whether this Court has jurisdiction.

The Fries assert Mangan lacks standing to assert his claims.  To have standing, (1) a plaintiff must have suffered an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, and not merely speculative, the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing the elements of standing.  *Symczyk v. Genesis Healthcare Corp.,* 656 F.3d 189, 191 n.4 (3d Cir. 2011).

The first element of standing requires a plaintiff asserting an "injury in fact" to have been personally and individually affected.  *Lujan*, 504 U.S. at 560 n.1.

> The "injury in fact" test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured.  The injury must also be an invasion of a legally protected interest.  Since standing is not dispensed in gross, a plaintiff who raises multiple causes of action must demonstrate standing for each claim he seeks to press.

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 245 (3d Cir. 2012) (internal quotation marks and citations omitted).  "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'"  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Although the Complaint is not entirely clear, based on the relief requested, it appears Mangan's alleged injuries are the removal of the *lis pendens* from the property during Malinowski's ownership and Mangan's loss of potential proceeds he could have received had he been able to sell the property without the *lis pendens* to purchasers, such as the Freis.  Mangan has the burden to establish subject matter jurisdiction when it is raised as a defense, however he has failed to do so.  These injuries stem from the removal of the *lis pendens* imposed on the property in 2010, almost 10 years after the property was sold at the tax sale.  Because Mangan no longer had any interest in the property after it was sold, he cannot have been injured by these subsequent events.  Thus, he did not allege a "concrete and particularized" or an "actual and imminent" injury.  Mangan did not provide sufficient allegations in his complaint to demonstrate subject matter jurisdiction due to his lack of standing and has not responded to the Freis' motion; therefore, he failed to meet his burden.  For all of the above stated reasons, he cannot satisfy the first standing requirement and cannot pursue his claims.

Even though the Freis are the only Defendants who raise lack of subject matter jurisdiction, the Court will also dismiss Robbins and Malinowski as defendants on the same grounds.  Subject matter jurisdiction is a threshold requirement for asserting a claim in federal court.  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998).  Courts may raise lack of subject matter *sua sponte*.  *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir.

2003) (internal citation omitted) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt.  A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns."). Accordingly, the Court will dismiss the Complaint as to all of the Defendants.

A district court must grant leave to amend when dismissing a pro se Complaint, "even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason."  *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008).  Because this Court lacks subject matter jurisdiction over Mangan's claims, amendment would be futile.  Accordingly, Mangan's Complaint will be dismissed with prejudice against all Defendants.

An appropriate order follows.

BY THE COURT:


      /s/ Juan R. Sánchez
Juan R. Sánchez, J.